IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:14-CR-166-L** |
| | § | |
| **CESARE TIMA DE CHAVEZ** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the following pretrial motions filed by Defendant Julie Grant ("Defendant" or "Chavez") on August 26, 2015: Defendant's Opposed Motion to Dismiss the Indictment (Doc. 75) and Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment (Doc. 76). After considering the motions, the Government's responses, the record, and applicable law, the court **denies** Defendant's Opposed Motion to Dismiss the Indictment (Doc. 75); and **grants in part and denies in part** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment (Doc. 76).

### I.    Motion to Dismiss the Indictment

Defendant contends that the Indictment should be dismissed because Counts One and Three charge one crime but allege a different culpable act and, therefore, fail to adequately charge the crime alleged to have been committed by him; and that Counts Two and Four of the Indictment rest on an erroneous statement of federal law. All four counts of the Indictment allege offenses under 18 U.S.C. § 152(3). Section 152 applies to concealment of assets; false oaths and claims; and bribery in connection with a case under title 11 of the Bankruptcy Code. 18 U.S.C. § 152(1)-(3). Section 152(3) provides that "[a] person who . . . (3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11 . . .

shall be fined under this title, imprisoned not more than 5 years, or both." 18 U.S.C. § 152(3). Counts One and Three allege Chavez knowingly and fraudulently made a material false statement under penalty of perjury by submitting a bankruptcy petition in which he failed to disclose prior bankruptcy cases filed within the last eight years. Counts Two and Four allege that Chavez knowingly and fraudulently made material false statements under penalty of perjury in two prior bankruptcy cases by failing to disclose in Official Form B-21 all Social Security numbers used by him.

### A.   Defendant's Contentions

Defendant contends with respect to all four counts that, while concealment of property is an element under section 152(1), fraudulent concealment of information or omissions under section 152(3) is insufficient. Defendant contends that unlike section 152(1), section 152(3) requires an affirmative false statement. For support, Defendant relies on *United States v. Cluck*, 143 F.3d 174, 179 (5th Cir. 1998); and *United States v. Spurlin*, 664 F.3d 954, 965 (5th Cir. 2011). Defendant further asserts that Official Form B-21 does not require disclosure of any Social Security number previously "used" but instead merely requires disclosure of the Social Security number a debtor currently "has." Def.'s Mot. to Dismiss ¶ 5. Based on the language in Official Form B-21 and Bankruptcy Rule 1007(f), Defendant contends that he was only required to disclose his "current, actual Social Security number" issued by the Social Security Administration and was not required to disclose any other Social Security numbers he previously used. *Id.* ¶ 6.

### B.   Government's Response

The Government responds that Defendant's position is not supported by law. Based on *United States v. Ellis*, 50 F.3d 419 (7th Cir. 1995), the Government contends that false

statements in the form of omissions can form the basis for a violation of section 152(3). The Government also argues by analogy that false statements in the form of omissions are actionable under section 152(3) for the same reason they are actionable under 18 U.S.C. § 1001(a)(1), applicable to false statements made to a federal agency, and 18 U.S.C. §§ 1341, 1343 and 1344, which apply to mail, wire, and bank fraud. The Government contends that a false statement can be made by deliberate omission, and, therefore, the law does not require evidence of an affirmative statement to make a false statement. The Government also points to the Fifth Circuit's pattern jury instructions for mail, wire, and bank fraud, which define false representations to include a half-truth or the omission or concealment of a material fact.

The Government further contends that Defendant's argument cannot be reconciled with the realities of the bankruptcy system. The Government argues that the bankruptcy system depends on the debtor's full and complete disclosure of information of the debtor's financial condition. Chavez has an obligation to fully disclose his financial information in order to seek the protection of the bankruptcy court.

### C. Discussion

Defendant's motion to dismiss for failure to state an offense is made pursuant to Federal Rule of Procedure 12(b)(3)(B)(v). "[A] motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment" and requires the court to "take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (citation and footnote omitted). The court in *Kay* explained:

> [I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged. The test for sufficiency is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional

> standards; namely, that it [(1)] contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and [(2)], enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Id.* (internal citations, quotation marks, and footnotes omitted).

Applying this standard, the court concludes that neither the cases cited by Chavez nor Official Form B-21 supports his position and motion to dismiss for failure to state an offense. Official Form B-21 is a "Statement of Social-Security Numbers(s)" and directs the debtor to check the appropriate box, the first of which clearly states: "Debtor has a Social-Security Number and it is: _____. *(If more than one, state all.)*" Def.'s Mot. to Dismiss ¶ 5[1]. The court was unable to find any authority interpreting the quoted language in Official Form B-2.1 The plain language of this form requires the person to include any other Social Security numbers that he has. Both parties misread the language of the form to support their respective positions. The court agrees neither with the Government's nor Defendant's reading of the language in question.

Under the Government's interpretation, a person would be required to include on the form any revoked, replaced, canceled or voided Social Security numbers ever used. This interpretation does not square with the plain language of the form. The wording on the form is in the present tense, and the only logical reading is a Social Security number that is in existence and has not been revoked, replaced, canceled, or voided by the Social Security Administration. To illustrate that point, the court uses the following illustration: Suppose a person was the victim of identity theft in 2000, his Social Security number was compromised, and the Social Security Administration issued the person a new Social Security number. In this scenario, the person

---

[1] Defendant incorrectly stated that a copy of the form was attached as an exhibit. The court was able to find the form on the U.S. Bankruptcy Court website at http://www.uscourts.gov/forms/bankruptcy-forms/statement-social-security-number.

**Memorandum Opinion and Order – Page 4**

would no longer "have" the old number, and in light of the inquiry in the form, he would not have to list the old Social Security number, because the plain language of the form speaks in the present tense. On the other hand if a person has a Social Security number that has not been canceled, replaced, revoked, or voided, the person would be obligated to list such number on the form.

Under Defendant's interpretation, a person would only be required to list the Social Security number that he or she is currently using. The court also disagrees with this reading. This is so because a person can have in his or her possession more than one Social Security number that has not been revoked, replaced, canceled, or voided by the Government. If a person has more than one Social Security number, and there has been no revocation, replacement, cancellation, or like action taken with respect to the other Social Security numbers, those Social Security numbers are still in existence, and a person would be required to list them in completing Form B-21. This is true whether the Social Security number was procured by lawful or unlawful means. The court is restricts its ruling to the plain wording of the text and rules of statutory construction. The language in question on the form is not susceptible to more than one reasonable interpretation.[2] The matter raised by Defendant is an evidentiary issue, not one for dismissal of Counts Two and Four. If the evidence is insufficient to support a conviction beyond a reasonable doubt, the court will dismiss the counts.

Additionally, unlike this case, the cases relied on by Chavez address whether charging the same conduct under both section 152(1) and section 152(3) was multiplicitous. Chavez correctly notes that the Fifth Circuit in both cases concluded that concealment is not an element of a section 152(3) violation; however, neither case supports his contention that fraudulent

---

[2] To the extent the court's holding is inconsistent with this its opinion in *United States v. Grant*, 3:14-cr-391-L, 2015 WL 321586 (N.D. Tex. Jan. 26, 2015), that portion of *Grant* is overruled.

**Memorandum Opinion and Order – Page 5**

concealment or a knowing omission cannot form the basis of an offense under section 152(3). Further, while the court was unable to find any Fifth Circuit case that has directly addressed whether fraudulent concealment or a knowing omission can support an offense under section 152(3), the court, in *United States v. Theall*, 525 F. App'x 256 (5th Cir. May 29, 2013), implied that fraudulent statements in the form of concealment or omissions are actionable under section 152(3):

> Count 1 charged Thad and Theresa with making a false statement under penalty of perjury in violation of 18 U.S.C. § 152(3), and was based on their failure to disclose the sale of the Ambassador building and the $15,000 promissory note in their bankruptcy petition. To obtain a conviction, the Government had to show that the Thealls "knowingly and fraudulently" failed to disclose that information. *See* § 152(3).

*Id.* at 265. Accordingly, the court concludes that an offense under section 152(3) has been stated. The court, therefore, **denies** Defendant's Opposed Motion to Dismiss the Indictment.

## II.    Motion to Strike Prejudicial Surplusage from the Indictment

Defendant requests that the court strike, as "irrelevant, inflammatory, and prejudicial," allegations contained in the introduction of the Indictment concerning prior bankruptcy filings, allegations in the introduction of the Indictment of prior similar offenses, allegations in the Indictment regarding an aliases that he has allegedly used in the past, and allegations that he "used" one or more Social Security numbers. Def.'s Mot. to Strike 6 (quoting *United States v. Braves*, 5 F.3d 1546, 1550 (5th Cir. 1993)).

### A.    Alleged Prior Bankruptcy Filings

#### 1.    Defendant's Contentions

Defendant contends that references in paragraphs three and five of the introduction to the Indictment regarding the bankruptcy petitions he filed in October 2010 and June 2012 in Arizona allege offenses committed in a different district. Defendant contends that he cannot be

prosecuted in this court for the allegations in paragraphs three and five because venue is not proper here. Defendant contends that the inclusion of these prior bankruptcies require him to prepare a defense to such allegations without protection against double jeopardy.

Defendant argues that the allegations regarding the uncharged petitions are irrelevant because whether those prior petitions were meritorious or fraudulent is of no consequence for the Government to prove its theory of the case and there is no legitimate reason to include the alleged falsehoods in the introduction of the Indictment. To the extent the Government intends to present evidence at trial of the alleged prior falsehoods, Defendant objects, pursuant to Federal Rules of Criminal Evidence 403 and 404, to the introduction and admission of such evidence. Defendant contends that the Government should not be able to side-step the protections afforded by Rules 403 and 404 by including irrelevant and prejudicial surplusage in the Indictment.

2. **Government's Response**

The Government disagrees and responds that Defendant's argument is both legally and factually incorrect. The Government, therefore, contends the introduction of the Indictment simply states that Defendant failed to disclose all the prior bankruptcy filings in his petition and failed to disclose all of his Social Security number in his Statement of Social Security Number(s), Form B-21. The Indictment does not allege that Defendant fraudulently failed to disclose, nor does the Indictment allege all of the essential elements of 18 U.S.C. § 152(3) in regards to the Arizona bankruptcy cases. The Government further argues that the prior bankruptcy filings are relevant to show that Chavez was familiar with the bankruptcy process, and that his failure to disclose his prior bankruptcy cases was not due to a good faith mistake or oversight. The Government contends that evidence of the prior filings is relevant to assist the jury in evaluating whether Chavez had the requisite criminal intent in the four counts charged in

the Indictment. The Government also contends that the prior bankruptcy filings are admissible and relevant to prove Chavez's fraudulent intent as to counts One and Three. The Government notes that it will argue at trial that Chavez's May 2011 and November 2012 bankruptcy petitions contained false statements and gives notice, pursuant to Federal Rule of Evidence 404, that it will offer these bankruptcy petitions into evidence. The Government further asserts that, while the Indictment lists Chavez's prior bankruptcy history, it does not include any clear and specific allegations of criminality, and, therefore, should not be removed from the Indictment.

### 3. Discussion

"To strike surplusage, the language in the indictment must be irrelevant, inflammatory, and prejudicial." *United States v. Bernegger*, 661 F.3d 232, 240 n.2 (5th Cir. 2011) (citation and internal quotation marks omitted). Accordingly, the court finds that evidence regarding the bankruptcy petitions Chavez filed in October 2010 and June 2012 are directly relevant to prove Counts One and Three, and accordingly, are not surplusage. Moreover, Counts One and Three specifically allege that Chavez violated section 152(3) by failing to disclose the October 2010 and June 2012 bankruptcies in his May 2011 and November 2012 petitions. The prior bankruptcy filings are necessary to prove elements of Counts One and Three, and, therefore, do not constitute Rule 404(b) evidence. The court, therefore, concludes that Chavez has not established that the inclusion of these bankruptcies in the Indictment is irrelevant, inflammatory, and prejudicial. *Bernegger*, 661 F.3d at 240. The court also disagrees with Defendant's assertion that the mere reference in the introduction of the Indictment to the October 2011 and June 2012 bankruptcies constitutes separate offenses from those charged in Counts One and Three of the Indictment.

The court, however, finds that the last sentences of paragraphs three and five of the introduction are unfairly prejudicial under Rule 7(c), and **strikes** the sentences that read, "[i]n this petition, Chavez failed to disclose all three Social Security numbers issued to and used by Chavez." Prior to reading of the Indictment at trial, the Government **shall redact** the following language from the Indictment: "In this petition, Chavez failed to disclose all three Social Security numbers issued to and used by Chavez." The Government may not this language to the jury. Accordingly, the court **grants in part and denies in part** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment with respect to the allegations in paragraphs three and five of the introduction to the Indictment concerning Chavez's October 2011 and June 2012 bankruptcy filings, and **holds** that Rule 404(b) is not implicated.

### B.      Alleged Prior Similar Offenses & Aliases

#### 1.      Defendant's Contentions

Defendant contends that the reference to his alleged application for a passport in the introduction to the Indictment is neither necessary to identify Chavez, nor relevant to the bankruptcy petitions that are at issue in the Indictment. Defendant also contends that the references to the passport are time-barred, as the alleged passport application was submitted in 2005. Defendant argues that the Government only included the references to his prior passport applications to signal to the jury that Chavez is dishonest. Defendant further contends that the paragraph referencing the alleged applications should be stricken in its entirety.

Defendant contends that the references in the Indictment to aliases allegedly used by him in the past are irrelevant to any of the counts in the Indictment. Defendant maintains that the only conceivable reason for including the aliases in the Indictment is to give the jury the impression that he has tried to conceal his identity in the past or has something to hide.

**Memorandum Opinion and Order – Page 9**

**2.      Government's Response**

The Government denies that it included the aliases in the Indictment to prejudice Chavez or give the jury the impression that he has something to hide.  The Government contends that the various names are reflected on various government documents that will be introduced into evidence to connect Chavez to the three Social Security numbers he has used at various times in his life.  The Government notes that it will introduce four aliases in connection with various documents and Social Security numbers into evidence.  The Government maintains that the Indictment reflects the various names used by Defendant in various documents which will be offered into evidence at trial.  While the Government does not respond directly to Defendant's alleged prior offense argument, it did note that it will include evidence of the alleged passport applications to connect Chavez with various Social Security numbers he has used in the past.

**3.      Discussion**

"To strike surplusage, the language in the indictment must be irrelevant, inflammatory, and prejudicial."  *Bernegger*, 661 F.3d 232 at 240.  The court agrees with the Government that inclusion of the aliases is to connect Chavez with the three Social Security numbers he has used in the past on various forms.  Counts Two and Four of the Indictment specifically allege that Chavez violated 18 U.S.C. § 152(3) by falsely representing that he only had one Social Security number when Defendant knew that he was issued and used at least two others.  Therefore, the court concludes that Chavez has not established that the inclusion of these aliases in the Indictment is irrelevant, inflammatory, and prejudicial.  *See id.*  Accordingly, the court **denies** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment with respect to the alleged prior similar offenses and aliases.

### C. "Use" of a Social Security Number

For the reasons stated in Section I(C), the court **denies as moot** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment with respect to the "use" of a Social Security number.

## III. Conclusion

For the reasons explained herein, the court **denies** Defendant's Opposed Motion to Dismiss the Indictment (Doc. 75); and **grants in part and denies in part** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment (Doc. 76). With respect to paragraphs three and five of the introduction, the court **grants** Defendant's Opposed Motion to Strike Prejudicial Surplusage to the extent that the last sentence of both paragraphs is to be stricken. Prior to the reading of the Indictment at trial, the Government **shall redact** the following language from paragraphs three and five of the introductory paragraph of the Indictment: "*In this petition, Chavez failed to disclose all three Social Security numbers issued to and used by Chavez.*"

**It is so ordered** this 7th day of October, 2015.

Sam A. Lindsay
United States District Judge